IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TOMMY STUCKEY, #K5680                                    PLAINTIFF

VERSUS                              CIVIL ACTION NO.  4:09cv72-HTW-LRA

STATE OF MISSISSIPPI                                    DEFENDANT


OPINION AND ORDER

On May 27, 2009,  the Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status.  An order [10] was entered on September 22, 2009, directing the Plaintiff to file a written response on or before October 15, 2009.  The Plaintiff was warned in this Court's order [10] of September 22, 2009, that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint.  The Plaintiff failed to comply with this order.

On October 29, 2009, the Plaintiff was ordered [12] to show cause in writing on or before November 13, 2009, why this case should not be dismissed for failure to comply with this Court's order [10] of September 22, 2009.  In addition, the Plaintiff was directed to comply with the order [10] entered on September 22, 2009, by filing a written response.  The Plaintiff was warned in this Court's order [12] of October 29, 2009, that failure to timely comply with the requirements of the order could lead to the dismissal of his complaint without further written notice to the Plaintiff.  Once again, the Plaintiff failed to comply with an order of this Court.

As a result of failing to comply with the order to show cause [12], a second and final order to show cause [13] was entered on December 2, 2009. The Plaintiff was directed in that order [13] to comply on or before December 23, 2009. The Plaintiff was further advised by the second and final order to show cause [13] that failure to comply would result in the dismissal of the instant civil action without further notice to the Plaintiff. Having reviewed the records, this Court finds that the Plaintiff has failed to respond or to comply otherwise with the orders [10, 12, 13].

The Plaintiff has failed to respond to three court orders [10, 12, 13]. It is apparent from the Plaintiff's failure to comply with the orders of this Court or to communicate otherwise with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending

2

cases and to avoid congestion in the calendars of the Court. Link, supra, 370 U.S. at 630.

Since the Defendant has never been called upon to respond to the Plaintiff's pleading, and has never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 26th day of January, 2010.

**s/ HENRY T. WINGATE**
**CHIEF UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO.  4:09cv72-HTW-LRA
Opinion and Order